# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

MATTHEW TODD WATKINS                                            PLAINTIFF

v.                             4:17cv00691-KGB-JJV

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not
reserved to the Commissioner of Social Security               DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Matthew Watkins, appears *pro se* and has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was thirty-three years old at the time of the administrative hearing. (Tr. 34.) He testified that he earned a bachelor's degree in construction management. (*Id*.) Mr. Watkins has past relevant work as a security guard (including shift supervisor), carpenter, line worker, and landscape worker. (Tr. 22.)

The Administrative Law Judge[2] found Mr. Watkins has "severe" impairments in the form of "dermatomyositis, adjustment disorder with mixed anxiety and depressed mood, and conversion disorder, rule out." (Tr. 11.) The ALJ further found Mr. Watkins did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3] (Tr. 11-13.)

The ALJ determined Mr. Watkins had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 13-14.) Given this residual functional capacity, Mr. Watkins is no longer able to perform his past relevant work. (Tr. 22.) Therefore, the ALJ employed the services of a vocational expert to determine whether jobs existed that Mr. Watkins could perform despite his impairments. (Tr. 57-62.) The ALJ determined that Plaintiff was capable of performing the jobs of document preparer and lamp shade assembler. (Tr. 23.) Accordingly, the ALJ determined Mr. Watkins was not disabled. (Tr. 23-24.)

In support of his Complaint, Plaintiff argues the ALJ should have given "controlling weight" to Tim Freyaldenhoven, M.D. (Doc. No. 13 at 2-13.) Plaintiff is correct that his treating doctor should generally be given deference, but after a close review of the records, I find the ALJ properly assessed the opinion of Dr. Freyaldenhoven.

---

[2]Both ALJs followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

The ALJ actually gave "significant weight" to Dr. Freyaldenhoven's Medical Assessment Form. (Tr. 656-660.) The Assessment largely supports the ALJ's determination that Mr. Watkins is capable of performing sedentary work. The ALJ stated, "The undersigned has given significant weight to this opinion based on Dr. [Freyaldenhoven's] familiarity with the claimant's history and condition and his specialized experience in the field of neurology." (Tr. 20.) The ALJ also noted Dr. Freyaldenhoven's opinion was generally consistent with the overall evidence of record. (*Id.*) The point of contention is Dr. Freyaldenhoven's statement that Plaintiff would be required to miss work "more than four days a month." (Tr. 659.) On that point, the ALJ stated, ". . . this assessment is also based on a provisional diagnosis of dermatomyositis and the provided allowance for work absences in excess of four time[s] a month is overly restrictive in light of the claimant's relatively benign presentation throughout the record." (Tr. 20.)

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Freyaldenhoven's conclusion. While the evidence reveals Plaintiff's medical condition is "complicated" (Tr. 581-583), the objective examinations routinely reveal nothing disabling. (Tr. 532-533, 541, 546, 551, 556, 563, 686, 692,

4

695, 701, 720, 761, 804-805, 824, 886-887, 891-892, 903, 910.) So the ALJ could properly discount Dr. Freyaldenhoven's opinion in this regard.

Treatment notes also state Plaintiff at least once failed to follow advice from his doctors and "Only wants his Excuse Medical Note for his Supervisor at this time and nothing else. . . ." (Tr. 538.) Not to be overly harsh, as this seems like an isolated incident, but failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989).

Plaintiff's arguments are largely based on his subjective complaints. And given the lack of objective medical evidence in support of Plaintiff's allegations, the conservative treatment prescribed, and the lack of lasting restrictions placed on Plaintiff by his physicians, the ALJ could correctly discount these subjective complaints. *See Thomas v. Sullivan*, 928 F.2d 255, 259-60 (8th Cir. 1991); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989). The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Matthews v. Bowen*, 879 F.2d 422, 425 (8th Cir. 1989). The ALJ stated, ". . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely persuasive. . . ." (Tr. 19.) In coming to this conclusion, the ALJ made specific findings explaining his conclusions regarding Plaintiff's subjective complaints. (Tr. 14-19); *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992). This Court should not disturb the decision of any ALJ who seriously considers, but for good reasons, explicitly discredits a claimant's testimony of disabling symptoms. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

For these same reasons, I find the ALJ did not err in his assessment that Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of a listed impairment. The ALJ specifically considered Listings 14.05 (polymyositis and dermatomyositis disorder), 12.04 (affective disorder), and 12.07 (somatoform disorder).

A claimant has the burden of proving his condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. §§ 416.925(d) and 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id*. The medical evidence simply fails to show Plaintiff's medical condition met or equaled a Listed impairment.

Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

I am sympathetic to Mr. Watkins's claims. He is a young man. Many of his issues seem mysterious and without medical explanation. I am certain he experiences pain, fatigue, and limiting effects. But the overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the sedentary exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 10th day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE